Case 6:20-cv-00062 Document 26 Filed on 03/08/22 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| STEVEN HAROLD BETTES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00062 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the March 17, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 18). In the M&R, Magistrate Judge Hampton recommends that the Court (1) grant Respondent Bobby Lumpkin's Motion for Summary Judgment; (2) deny *pro se* Petitioner Steven Harold Bettes's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254; and (3) deny a certificate of appealability. Bettes did not respond to the Motion for Summary Judgment even though it was filed over a year ago.[1]

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[2] *See* 28 U.S.C. § 636(b)(1). Bettes filed timely Objections

---

[1] "Failure to respond to a motion will be taken as a representation of no opposition." Southern District of Texas Local Rule 7.4.

[2] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

to the M&R even though he did not respond to the Motion for Summary Judgment.[3] (Dkt. No. 24). As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court has conducted *de novo* review of the M&R, the Objections, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

I.   **LEGAL STANDARDS**

Bettes is a prisoner in state custody who is challenging his evading-arrest conviction under Section 2254. When a state court adjudicates a habeas claim on the merits, a federal court cannot grant a habeas petition unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Under the "contrary to" clause, a state court *decision* is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Atkins v. Hooper*, 979 F.3d 1035, 1045 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)) (cleaned

---

[3] On April 16, 2021, Magistrate Judge Hampton denied Bettes's request for more time to respond to the Motion for Summary Judgment because the request "was filed over two months after the deadline to respond passed." (Dkt. No. 22). Magistrate Judge Hampton also extended the deadline to file objections to the M&R to May 14, 2021. (*Id.*). As a result, Bettes's objections, postmarked May 14, 2021, were timely filed. (Dkt. No. 24-1).

2

up). Under the "unreasonable application" clause, there is an unreasonable application of clearly established Federal law if the state court "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (cleaned up). Federal habeas review under Section 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).

The Section 2254(d) standard is "difficult to meet." *Mays v. Hines*, ___ U.S. ___, ___, 141 S.Ct. 1145, 1149, 209 L.Ed.2d 265 (2021) (per curiam). Indeed, AEDPA "demands that state-court decisions be given the benefit of the doubt." *Guidry v. Lumpkin*, 2 F.4th 472, 482 (5th Cir. 2021) (per curiam). As a result, a federal court cannot grant habeas relief under Section 2254(d) "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. 2020) (per curiam) (quoting *Woods v. Etherton*, 578 U.S. 113, 116–17, 136 S.Ct. 1149, 1151, 194 L.Ed.2d 333 (2016) (per curiam)). Relevant here, a court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

## II. OVERVIEW OF OBJECTIONS

Bettes raises three claims in his habeas petition challenging his state-court conviction: insufficient evidence, prosecutorial misconduct for withholding evidence, and ineffective assistance of counsel. (Dkt. No. 3 at 6); (Dkt. No. 4 at 13–28). Magistrate Judge Hampton concludes that each claim is meritless and recommends that the Court

*sua sponte* deny a certificate of appealability. (Dkt. No. 18 at 9–15). As best the Court can discern, Bettes raises four objections. First, as to insufficient evidence, Bettes objects that his chronic anxiety means he did not have the requisite intent to commit the crime. (Dkt. No. 24 at 2). Second, as to prosecutorial misconduct, Bettes objects that the State of Texas withheld exculpatory evidence by not calling a specific doctor as a witness and not showing the jury more of the arrest video. (*Id.* at 2–3). Third, as to ineffective assistance of counsel, Bettes objects that his trial counsel failed to call certain witnesses at trial, failed to show the jury certain evidence, and failed to investigate his mental incompetence. (*Id.* at 3). Finally, as to the certificate of appealability, Bettes objects that ignoring his claims would "defeat justice." (*Id.* at 4).

### III. DISCUSSION OF OBJECTIONS

#### A. SUFFICIENCY OF THE EVIDENCE

As to Bettes's sufficiency-of-the-evidence claim, Magistrate Judge Hampton concludes that "Bettes has not established that the state court's denial of his sufficiency of the evidence claim was contrary to, or an unreasonable application of, federal law." (Dkt. No. 18 at 10). In support, Magistrate Judge Hampton recounts the evidence presented to the jury. (*Id.*). Instead of addressing these observations, Bettes objects because he claims he did not have the required intent to evade arrest as a result of his chronic anxiety. (Dkt. No. 24 at 2).

When considering a sufficiency-of-the-evidence claim, the evidence is viewed "in the light most favorable to the prosecution to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Norris*

4

*v. Davis*, 826 F.3d 821, 833 (5th Cir. 2016) (quoting *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)); *accord Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In making this determination, the state court jury—not the federal court—weighs the credibility of the witnesses and the weight of the evidence. *Hebert v. Rogers*, 890 F.3d 213, 225 (5th Cir. 2018). Thus, the "credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (citing *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)). Moreover, the Court must examine the elements of the criminal offense under state law. *Norris*, 826 F.3d at 833. Critically, a federal court can disturb a state-court decision rejecting a sufficiency-of-the-evidence claim "only if the state court decision was 'objectively unreasonable.'" *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam) (quoting *Cavazos v. Smith*, 565 U.S. 1, 2, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam)).

Bettes fails to demonstrate that the state-court decision was objectively unreasonable. Bettes was convicted under Section 38.04 of the Texas Penal Code, which provides that a "person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." Tex. Penal Code § 38.04(a). The offense becomes a third-degree felony—as was the case here—if "the actor uses a vehicle . . . while the actor is in flight and the actor has been previously convicted under this section[.]" *Id.* § 38.04(b)(2)(A). During Bettes's state-court trial, the jury considered a variety of evidence as to this charge, including a motive to evade arrest or detention. Bettes was driving erratically. (Dkt. No. 13-4 at 21–22, 41). Bettes also side-swiped one car and forced another car off the road. (*Id.* at 22–

5

23). After a 911 call, a law enforcement officer in his marked patrol vehicle followed Bettes for over a minute and a half with his lights and sirens on before Bettes crashed his car. (*Id.* at 24, 40–42). Following his arrest, Bettes tested positive for cocaine metabolites. (*Id.* at 101–02, 111–12, 117, 126–29); (Dkt. No. 13-6 at 20); (Dkt. No. 13-8 at 89). Bettes also tested positive for the anti-anxiety drug alprazolam, which is also known by its brand name Xanax. (Dkt. No. 13-4 at 102–05); (Dkt. No. 13-6 at 20).[4] Thus, despite Bettes's protestations to the contrary, the jury considered evidence pertaining to his anxiety but found that he had the requisite knowledge that the patrol vehicle behind him was attempting to perform a traffic stop.[5] Simply put, Bettes does not show that the state-court decision was objectively unreasonable. *See Coleman*, 566 U.S. at 651, 132 S.Ct. at 2062. The Court overrules the objection.

---

[4] On direct appeal, the Thirteenth Court of Appeals overruled Bettes's sole argument—insufficient evidence—and affirmed the trial court's judgment. *Bettes v. State*, No. 13-18-00456-CR, 2019 WL 2622343 (Tex. App.—Corpus Christi June 27, 2019, pet. ref'd); (Dkt. No. 13-8 at 25–32). After detailing the same evidence discussed in this Memorandum Opinion and Order, the Thirteenth Court of Appeals concluded "that a rational juror, applying common knowledge and experience, could have found beyond a reasonable doubt that Bettes had knowledge that the patrol unit behind him was attempting to perform a traffic stop." (Dkt. No. 13-8 at 31). This reasoning is noteworthy because it is "the last related state-court decision that does provide a relevant rationale." *See Wilson v. Sellers*, ___ U.S. ___, ___, 138 S.Ct. 1188, 1192, 200 L.Ed.2d 530 (2018). As a result, the Court examines the reasoning of the Thirteenth Court of Appeals and presumes that the subsequent "unexplained decision[s] adopted the same reasoning." *Id.* (alteration added).

Indeed, the initial state habeas application was addressed via a cursory one-page order that found "there are no disputed, previously unresolved issues of fact material to the legality of the Defendant's confinement" and recommended denial of the habeas application. (Dkt. No. 13-8 at 109). The Texas Court of Criminal Appeals then denied the habeas application "without written order on findings of trial court without hearing and on the court's independent review of the record." (Dkt. No. 13-7).

[5] *See* Tex. Penal Code § 6.03(a).

6

### B.   PROSECUTORIAL MISCONDUCT

As to Bettes's prosecutorial-misconduct claim, Magistrate Judge Hampton concludes that "Bettes has not established that the state suppressed any evidence." (Dkt. No. 18 at 11–12). Bettes objects because the state prosecutor suppressed evidence by not calling a specific doctor as a witness and not showing the jury more of the video surrounding his arrest. (Dkt. No. 24 at 2–3). Bettes is mistaken. As Magistrate Judge Hampton explains, a prosecutor is not obligated to present potentially mitigating evidence to the *jury*. Rather, a prosecutor is obligated to provide that evidence to the *defense*. *Halprin v. Davis*, 911 F.3d 247, 256–57 (5th Cir. 2018) (per curiam); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). The Court overrules the objection.

### C.   INEFFECTIVE ASSISTANCE OF COUNSEL

As to Bettes's final claim, ineffective assistance of counsel, Magistrate Judge Hampton finds that Bettes fails to show "that the state court's denial of his ineffective assistance of counsel claim was contrary to, or an unreasonable application of, federal law" and fails to show that his counsel performed deficiently. (Dkt. No. 18 at 13–14). In his Objections, Bettes asserts that his counsel was constitutionally deficient because he failed to (a) call medical professionals to testify regarding his head injury and anxiety; (b) show the jury his medical records and the entire video; and (c) investigate his mental incompetence to adequately prepare a defense. (Dkt. No. 24 at 3). The Court agrees with Magistrate Judge Hampton.

A federal court's consideration of an ineffective assistance of counsel claim that was addressed by a state court is "doubly deferential"—under *Strickland* and under AEDPA. *Hughes v. Vannoy*, 7 F.4th 380, 387 (5th Cir. 2021) (per curiam); *Dunn v. Reeves*, ___ U.S. ___, ___, 141 S.Ct. 2405, 2410, 210 L.Ed.2d 812 (2021) (per curiam). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021) (internal quotations omitted).

Under *Strickland*, a petitioner must demonstrate *both* deficient performance and prejudicial performance. *Canfield v. Lumpkin*, 998 F.3d 242, 247 (5th Cir. 2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). A petitioner must establish deficient performance—the first requirement—by showing "counsel's representation fell below an objective standard of reasonableness." *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011) (internal quotations omitted). A petitioner must establish prejudicial performance—the second requirement—by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotations omitted).

Bettes fails to show that the state court's application of the *Strickland* standard was unreasonable. As an initial matter, Bettes merely reasserts or refashions arguments raised in his petition without substantively addressing the M&R. This is improper. A petitioner does not properly raise an objection to an M&R "by merely reurging arguments contained

in the original petition." *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, Bettes did not respond to the Motion for Summary Judgment and, in his Objections, solely relies on unsupported allegations. Unsupported allegations are insufficient in the habeas context. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (per curiam); *United States v. Lumbreras-Amaro*, 627 F. Supp. 2d 752, 760 (S.D. Tex. 2008). The Court overrules the objections.[6]

### D. CERTIFICATE OF APPEALABILITY

Next, Magistrate Judge Hampton recommends that the Court *sua sponte* deny a certificate of appealability because reasonable jurists would not find it debatable that Bettes failed to state a claim for a violation of a constitutional right. (Dkt. No. 18 at 14–15). Bettes objects because ignoring his claims would "defeat justice." (Dkt. No. 24 at 4). Bettes's argument is unpersuasive.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). A federal district court may *sua sponte* consider whether a petitioner is entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895,

---

[6] Even if the Court ignored the deficiencies in Bettes's pleadings or lack thereof, the M&R correctly concluded that the state court's application of the *Strickland* standard was not unreasonable. Magistrate Judge Hampton persuasively explains why Bettes's counsel strategically decided not to call certain witnesses and show certain records, and how the medical records do not establish that Bettes had a head injury prior to Bettes's arrest. (Dkt. No. 18 at 12–14). Indeed, the state habeas court relied on Bettes's trial counsel's affidavit when it recommended that the Texas Court of Criminal Appeals deny Bettes's habeas application. (Dkt. No. 13-8 at 107–09). Bettes does not engage with this reasoning in the M&R. *See* 28 U.S.C. § 636(b)(1).

898 (5th Cir. 2000) (per curiam). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a claim that the district court decided on the merits, he must show that "'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Nelson v. Davis*, 952 F.3d 651, 658 (5th Cir. 2020) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003)). Here, the Court agrees with Magistrate Judge Hampton that jurists of reason would not find it debatable that Bettes failed to a state a claim for a violation of a constitutional right. Thus, the Court will not issue a certificate of appealability.

E. **MISCELLANEOUS REQUESTS**

Although unrelated to the M&R itself, Bettes also requests more time to file a response to the Motion for Summary Judgment, more time to submit evidence, an opportunity to file a motion for summary judgment, and an evidentiary hearing. (Dkt. No. 24 at 1–2, 4). Each of these requests are without basis in law or fact.

Concerning the request for extension of time to file a response, the Motion for Summary Judgment has been pending for over one year. (Dkt. No. 15). In the Victoria Division of the Southern District of Texas, a party has twenty-one days to file a response to a motion for summary judgment.[7] (Court Procedures Rule 15(e)). Under the Federal Rules of Civil Procedure, a court may extend the time to respond when a party files a

---

[7] https://www.txs.uscourts.gov/sites/txs/files/Tipton%20Procedures.pdf

"motion made after the time has expired if the party failed to act because of excusable neglect."[8] Fed. R. Civ. P. 6(b)(1)(B); *accord Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

As an initial matter, Bettes does not raise this request in a *motion* requesting an extension of time. *See* Fed. R. Civ. P. 6(b)(1)(B). Rather, Bettes requests an extension of time in his objections. Next, the purpose of objections is to identify portions of the M&R in which the Magistrate Judge erred. *See* 28 U.S.C. § 636(b)(1). Magistrate Judge Hampton did not issue a recommendation on an extension of time because she previously denied the request by separate order. (Dkt. No. 22). But more importantly, Bettes does not explain the delay or failure to respond to the Motion for Summary Judgment. It is difficult to discern how a court can find excusable neglect when a party fails to even articulate reasons for failing to participate in the case he filed until *after* a magistrate judge issues a recommendation.

Even without the aid of Bettes's arguments, the docket itself paints a clear picture. Magistrate Judge Hampton waited approximately three months after the Motion for Summary Judgment was filed before issuing the M&R. It was not until two months *after* the M&R was issued that Bettes raised this request for an extension of time. Even now, over a year after the Motion for Summary Judgment was filed, Bettes has not filed a response. Thus, the Court cannot conclude that there is excusable neglect. *See McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010) (per curiam).

---

[8] This Court routinely applies Rule 6(b)(1) when a party fails to timely respond to a motion for summary judgment. *See, e.g.*, *Gonzalez v. Inter Mexicana De Transporte S.A. de C.V.*, No. 5:19-CV-00156, 2021 WL 3821051, at *1 (S.D. Tex. June 7, 2021); *Garcia v. City of McAllen*, No. 7:19-CV-00068, 2020 WL 4934582, at *4 (S.D. Tex. Aug. 24, 2020).

11

Similarly, Bettes is not entitled to file his own motion for summary judgment at this stage. Lumpkin has shown that he is entitled to a judgment as a matter of law. There is simply nothing left to litigate.

Finally, an evidentiary hearing is unnecessary to address the Motion for Summary Judgment.[9] *See Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997); *Wilcher v. Hargett*, 978 F.2d 872, 877 (5th Cir. 1992). The Magistrate Judge and this Court have fully and adequately analyzed the issues based on the Parties' filings alone. Additionally, the Court's review in this case is limited to the record that was before the state court. *Cullen*, 563 U.S. at 181, 131 S.Ct. at 1398. An evidentiary hearing is therefore unwarranted. *See Murray v. Vannoy*, 806 F. App'x 341, 343 (5th Cir. 2020) (per curiam).

## IV.   CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. Accordingly, the Court **GRANTS** Respondent Bobby Lumpkin's Motion for Summary Judgment. (Dkt. No. 15). The Court further **DISMISSES WITH PREJUDICE** Petitioner Steven Harold Bettes's habeas petition under 28 U.S.C. § 2254. (Dkt. No. 3). Finally, the Court **DENIES** a certificate of appealability.

It is SO ORDERED.

---

[9] "**Hearing.** The Court may in its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material." S. D. Tex. R. 7.8.

Signed on March 8, 2022.

                                      **DREW B. TIPTON**
                         **UNITED STATES DISTRICT JUDGE**